UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GOINS, *Pro Se*, ) | Case No.: 1:24 CV 529 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| WARDEN O'DONNELL, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

*Pro se* Plaintiff Justin Goins, a pretrial detainee in the Cuyahoga County Corrections Center, filed this civil rights action against Corrections Center Warden O'Donnell. In his Complaint, he alleges the Warden would not permit him to attend a Jummah service. He claims this was a violation of his First and Fourteenth Amendment rights. He seeks $ 2,500,000.00 in damages.

**Factual and Procedural Background**

Plaintiff alleges that the Cuyahoga County Corrections Center offered a Muslim Jummah service in December 2023. He contends that the Chaplain came to the pod on December 8, 2023, and asked the inmates if they wanted to be added to the list of inmates attending that Muslim service. Plaintiff does not allege what religion he practices or what he declared as his religion when he entered the Corrections Center. Nevertheless, Plaintiff indicated his interest in attending this Muslim service. He states that on December 21, 2023, two pod officers came to the pod and informed Plaintiff and other detainees that they had been added to the list to attend the Jummah service and

would be escorted to the service the following afternoon. When they were not picked up at the designated time, the pod officers called a corporal to determine why noone had arrived to escort them to the service. Plaintiff alleges that the corporal informed the officers that the Warden had taken their names off of the list. He contends they did not receive an explanation at that time. He does not indicate whether he was denied future services. He asserts that the Warden violated his First and Fourteenth Amendment rights and seeks monetary damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant

2

unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

**Discussion**

Prisoners and detainees retain the First Amendment right to the free exercise of their religion. *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). The circumstances of detention or incarceration, however, may require some restrictions on the inmate's exercise of his or her religious beliefs, requiring the Court to "balance the prisoner's constitutionally protected interest in the free exercise of [his] religious beliefs against the state's legitimate interests in operating its prisons." *Id.* To state a First Amendment free-exercise claim, the Plaintiff must allege facts to show that the Defendant's actions "substantially burdened his sincerely-held religious beliefs." *Thomas v. Review Bd. of the Indiana Empl. Sec. Div.*, 450 U.S. 707, 718 (1981). There are three elements to this claim. First, the belief or practice in question must be religious in nature. Second, the belief or practice must be "sincerely held" by the Plaintiff. Third, Plaintiff must show that the Defendant's conduct substantially burdened the belief or practice. *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987).

In the present case, attendance at a Jummah service is religious in nature; however Plaintiff fails to allege facts to suggest that his attendance at this service was a sincerely held belief for him. Plaintiff does not indicate what religion he practices nor does he give any indication of the religion he declared to the Corrections Center at booking. While attendance at religious services may be a sincerely held belief for an inmate that practices that faith, attendance at the service by one who seeks to satisfy curiosity or to gain time out of the cell would not be a sincerely held belief. Absent

3

this information, Plaintiff has not crossed the pleading threshold from a possible to a plausible claim for relief.

Furthermore, even if Plaintiff has a sincerely held belief in the attendance at Jummah services, he failed to allege facts suggesting the Warden substantially burdened the practice of his religion. A Defendant substantially burdens sincerely held religious beliefs when he or she "put[s] substantial pressure on an adherent to modify his religious behavior and to violate his beliefs." *Id.* Courts have consistently found that isolated acts or omissions do not create a substantial burden on the First Amendment free exercise of religion. *Gunn v. Kentucky*, No. 5:07CV–P103–R, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010); *see Randall v. McLeod*, No. 95–10106, 1995 WL 581973, at *4 (5th Cir. Sept. 15, 1995) (affirming the district court's dismissal based on plaintiff's not getting a pork-free meal on two occasions); *White v. Glantz*, No. 92–5169, 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993) (finding an "isolated occurrence of being given two meals with green beans and bacon" did not violate a Muslim inmate's First Amendment rights); *Greenberg v. Hill*, No. 2:07–CV–1076, 2009 WL 890521, at *6 (S.D. Ohio Mar. 31, 2009)("[I]solated or sporadic government action or omission is *de minimis* and does not constitute a 'substantial burden.' "). His Complaint, as written, pertains to an isolated act. Plaintiff alleges only that he was not permitted to attend one Jummah service. This action, alone, is not sufficient to state a claim for violation of the First Amendment.

Finally, Plaintiff does not explain his claim under the Fourteenth Amendment. It is stated solely as a legal conclusion. Legal conclusions are not sufficient to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                              /s/ SOLOMON OLIVER, JR.
                                              UNITED STATES DISTRICT JUDGE

June 4, 2024

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.